# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MELISSA SPURLIN, | : |
| | : CIVIL ACTION NO. _____ |
| Plaintiff, | : |
| | : **JURY TRIAL DEMANDED** |
| v. | : |
| | : |
| REALPAGE, INC. d/b/a | : |
| LEASING DESK, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Melissa Spurlin ("Plaintiff"), by counsel, hereby files her Complaint ("Complaint") against Defendant RealPage, Inc. d/b/a Leasing Desk ("Defendant"), as follows:

## INTRODUCTION

1. This is an action seeking redress for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA").

2. Plaintiff is a "consumer" and Defendant is a "consumer reporting agency" as those terms are defined in the FCRA.

3. Defendant reported inaccurate information on Plaintiff's consumer reports concerning an account with Arbor Crossing Apartments ("Arbor Crossing") in

Dekalb County, Georgia (the "Account"). Plaintiff did not live at Arbor Crossing nor did she apply for a lease at that complex.

4.     Plaintiff has been harmed as a result of Defendant's conduct.

## PARTIES, JURISDICTION, AND VENUE

5.     Plaintiff is a natural person and a "consumer" under the FCRA. She resides in this District and Division.

6.     At all times material to this action, Defendant was a foreign corporation doing business in the State of Georgia and in this District.

7.     Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

8.     This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

9.     Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) as Defendant conducts business in this District and Division and a substantial portion of events or omissions giving rise to the claims occurred in this District and Division.

10.    Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11. In October, 2023, Plaintiff applied to lease an apartment with Crosswinds Apartments ("Crosswinds") which is located in Warner Robins, GA. She resides with and has custody of her granddaughter, a minor, and wanted a larger apartment so they could each have their own bedroom.

12. As part of the leasing process, Crosswinds requested and obtained one or more consumer reports concerning Plaintiff from Defendant.

13. Defendant provided Plaintiff's consumer reports to Crosswinds.

14. The consumer reports that Defendant provided to Crosswinds concerning Plaintiff were inaccurate. They contained the Account showing the Plaintiff had purportedly lived at Arbor Crossing Apartments in Dekalb County, Georgia. This was false. Plaintiff never lived at Arbor Crossing nor in Dekalb County. Defendant also reported that the Account had 17 late payments and $1700.00 in late fees over the course of the lease(s). Plaintiff was never late for any rent at Arbor Crossing nor did she ever owe Arbor Crossing any late fees at all.

15. In the consumer reports that Defendant provided about Plaintiff to Crosswinds, Defendant listed the name associated with the Account as "Darmeke Cofield." Plaintiff has never gone by the name Darmeke Cofield. She does not

know anyone named Darmeke Cofield. She never authorized anyone named Darmeke Cofield to rent an apartment at Arbor Crossing.

16. Defendant failed to follow reasonable procedures to assure that the consumer report it prepared and provided about Plaintiff to Crosswinds was accurate. Defendant's conduct violated the FCRA.

17. As a result of Defendant's violations of the FCRA, Plaintiff suffered damages including being denied the apartment for herself and her granddaughter at Crosswinds; emotional distress from inability to secure better housing for herself and her granddaughter; embarrassment and reputational harm from being denied an apartment; sleeplessness from worrying how she would be able to move into a more suitable apartment given Defendant's false reporting; time and effort reviewing her credit file to understand what Defendant had done and why she was denied the apartment; and other damages to be shown at trial.

18. Plaintiff has also had to retain counsel to protect her rights.

## COUNT ONE:

### Defendant's Violations of the FCRA – 15 U.S.C. § 1681e(b)

19. The consumer reports that Defendant prepared concerning Plaintiff were inaccurate for the reasons described above because she never lived at Arbor Crossing and was not responsible for the Account.

20. Defendant negligently or recklessly and willfully failed to maintain and follow reasonable procedures designed to assure maximum possible accuracy of the information in the consumer reports it prepared on Plaintiff and provided to Crosswinds.

21. As a result, Plaintiff has suffered and is entitled to recover her actual damages as described in Paragraph 17 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

22. In the alternative, and as a result of Defendant's reckless and willful violations of 15 U.S.C. 1681e(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. 1681n(a)(1)(A).

23. As a result of Defendant's reckless and willful violations of 15 U.S.C. 1681e(b), Plaintiff is entitled to recover punitive damages as allowed by 15 U.S.C. 1681n(a)(2).

24. Plaintiff is also entitled to recover the costs of this action and her reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Plaintiff requests the following relief:

1. That she have a jury trial on her claims herein;
2. an award of actual damages in her favor;
3. an award of statutory damages in her favor;

4. an award of punitive damages in her favor;

5. an award of her costs and reasonable attorney's fees; and,

6. all other relief the Court deems just and proper.

This 6th day of March, 2024.

                                       **LOVE CONSUMER LAW**

                                       */s/ John A. Love*
John A. Love
Ga Bar No. 459155
2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
(tel.) 404.855.3600
(fax) 404.301.2300
tlove@loveconsumerlaw.com